[Civil No. 2192.   Filed March 27, 1925.]

[234 Pac. 562.]

ARIZONA HERCULES COPPER COMPANY, a Corporation, Appellant, v. MIKE KRONICH, Appellee.

DAMAGES—FOUR THOUSAND FIVE HUNDRED DOLLARS NOT EXCESSIVE FOR FRACTURE OF SPINE, BROKEN NOSE AND INJURY TO KIDNEYS. In action under Employers' Liability Law (Civ. Code 1913, pars.

---

Excessiveness of damages for personal injuries other than death, see notes in 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915F, 30.

3153–3162), where verdict of $7,500 was reduced to $4,500 by court, under Civil Code of 1913, paragraph 577, judgment as reduced *held* not excessive, under evidence which, though conflicting, tended to show fractured spine, broken nose and injuries to kidneys.

See (1) 17 C. J., p. 1091.

APPEAL from a judgment of the Superior Court of the County of Pinal. O. J. Baughn, Judge. Affirmed.

Messrs. Barnum & Flanigan, for Appellant.

Messrs. Jennings & Strouse, for Appellee.

ROSS, J.—This is an action under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3162). The verdict was for $7,500. At the hearing of motion for new trial the court held the amount excessive and reduced the judgment to $4,500, and thereupon denied the motion. The appellant copper company still insists the judgment is excessive, and that is the only question for review. The injury suffered is described in complaint as follows:

" . . . A permanent dislocation or slipping of the right sacro iliac synchondrosis of plaintiff's body and severe bruises and cuts upon plaintiff's face, head, and back. Plaintiff further sustained a broken septum causing the plaintiff great physical pain and difficulty in breathing. That all of said injuries are permanent in their nature, and, as a result thereof, plaintiff is unable to follow his usual occupation and vocation in life, to wit, that of mining, or to follow any occupation or vocation to support and maintain himself. . . . "

The testimony on the extent and character of injuries was severely and sharply conflicting. Two doctors testifying for plaintiff stated that in their opinion plaintiff's backbone was injured or fractured. A nose, eye and ear specialist testified that plaintiff's

nose "was deviated far to the right, showing evidence of having been broken." Plaintiff himself testified that after his injury he could not breathe so well; that his kidneys were no good; that he did not sleep as well as he did before he was hurt; that he could not lift things from pain; that his back hurt him on both sides of his backbone.

There were an equal number of doctors testifying, from personal examination and from X-ray pictures, who gave it, as their opinions, the abnormality described by their brothers, as an injured or fractured bone was congenital and not unusual, and that the plaintiff's actions and movements after his injury disproved that he had suffered any permanent injury to his back.

Plaintiff received his injury on July 15th and it appears that he went to work for the United Verde Extension early in September and worked for that company seventeen days, and the rest of the time, up to just before the trial in December, he worked as a timberman for the United Verde Company and received for his services the going wages.

The testimony is in conflict as to whether plaintiff lifted timbers himself while working for the last-named company, he claiming his helper did that while his foreman says plaintiff did it, and that he exhibited no symptoms of an injured or broken backbone and made no complaint.

At the time plaintiff was injured he was employed as a timberman, and, while standing upon a 6x4, seven feet from the floor of mining drift doing his work, the 6x4 slipped, throwing him to the ground. Some timbers fell at the same time and plaintiff says they fell on him. These timbers were heavy enough to have seriously hurt plaintiff and the testimony in his behalf is that they did. If his spinal column was fractured and his nose broken as con-

tended, the damages given would not be excessive. The learned trial judge evidently thought the verdict of $7,500 excessive and exercised his discretion, under paragraph 577 of the Civil Code of 1913, to require plaintiff to remit therefrom $3,000. In doing this he approved of the judgment for $4,500.

It must be admitted that the trial judge has a very much better chance to judge of the weight and credibility of the testimony than the appellate court, because he sees and hears the witnesses and can better know the probability of the truthfulness of their statements. Unless the evidence clearly and conclusively should demonstrate to us that the trial judge, in the exercise of his discretion, had failed to reduce the judgment as much as he should, we would certainly hesitate to further reduce it. We are not satisfied we should strike any part of this judgment, and for that reason the judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.